MEGAN K. DORSEY, ESQ.
Nevada Bar No. 6959
CULLAN F. STAACK, ESQ.
Nevada Bar No. 16755
KOELLER NEBEKER CARLSON
 & HALUCK, LLP
300 S. 4th Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
Megan.dorsey@knchlaw.com
Cullan.staack@knchlaw.com
Attorneys for Third-Party Defendant,
CSI WORLDWIDE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PIRAYEH M. NAJMABADI, an individual, | CASE NO.: 2:24-cv-00217-GMN-DJA |
| Plaintiff, | |
| vs. | |
| THELIOS USA INC., a Foreign Corporation; LVMH MOET HENNESSY LOUIS VUITTON INC., a Foreign Corporation; SPARKS MARKETING, LLC, a Foreign Limited-Liability Company; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, | THIRD-PARTY DEFENDANT CSI WORLDWIDE'S MOTION FOR LEAVE OF COURT TO FILE AN AMENDED PLEADING PURSUANT TO LR 15-1(a) AND FRCP 15(a)(2) ON AN ORDER SHORTENING TIME |
| Defendants. | |
| SPARKS MARKETING, LLC, | |
| Third-Party Plaintiff, | |
| vs. | |
| CSI WORLDWIDE, a Foreign Limited-Liability Company; SRS FABRICATION, INC., a Domestic Corporation; DOES 1 through 20, inclusive; and ROE BUSINESS ENTITIES 1 through 20, inclusive, | |
| Third-Party Defendants. | |

**COMES NOW,** Third-Party Defendant, CSI WORLDWIDE (hereinafter "Third-Party Defendant CSI"), by and through its attorneys of record, the law firm of KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and hereby submits its Motion for Leave of Court to File an

Amended Pleading (hereinafter the "Motion") in the above-captioned case, pursuant to Local Rule 15-1(a) and Federal Rule of Civil Procedure 15(a)(2).

This Motion is made and based upon United States District Court for the District of Nevada Local Rule IA 6-1(d), allowing the moving party to obtain an Order Shortening Time for the hearing of the Motion. *See* NV R USDCT LR IA 6-1.

This Motion is supported by the attached Declaration of Megan K. Dorsey, Esq., the attached Memorandum of Points and Authorities, the attached exhibits, and any arguments of counsel to be adduced at a hearing of this Motion.

DATED this 28th day of August, 2024.

          KOELLER NEBEKER CARLSON
          & HALUCK, LLP

By: */s/ Megan K. Dorsey*
    MEGAN K. DORSEY, ESQ.
    Nevada Bar No. 6959
    CULLAN F. STAACK, ESQ.
    Nevada Bar No. 16755
    300 S. 4th Street, Suite 500
    Las Vegas, NV 89101
    Attorneys for Third-Party Defendant,
    CSI WORLDWIDE

## ORDER SHORTENING TIME IN SUPPORT OF THE MOTION

It appearing to the satisfaction of this Court, and good cause having been shown, IT IS HEREBY ORDERED that Third-Party Defendant CSI Worldwide's MOTION FOR LEAVE OF COURT TO FILE AN AMENDED PLEADING PURSUANT TO LR 15-1(a) AND FRCP 15(a)(2) ON AN ORDER SHORTENING TIME shall be heard on the _____ day of _____, 2024, at the hour of _____ in Department No. _____.

_____
U.S. DISTRICT COURT JUDGE

Submitted by:

KOELLER NEBEKER CARLSON
& HALUCK, LLP


By: /s/ Megan K. Dorsey
_____
MEGAN K. DORSEY, ESQ.
Nevada Bar No. 6959
CULLAN F. STAACK, ESQ.
Nevada Bar No. 16755
300 S. 4th St., Suite 500
Las Vegas, Nevada 89101
Attorneys for Third-Party Defendant,
CSI WORLDWIDE

## DECLARATION OF MEGAN K. DORSEY, ESQ. IN SUPPORT OF THE MOTION AND THE ORDER SHORTENING TIME

I, Megan K. Dorsey, being first duly sworn, under oath, declare as follows:

1. I am an attorney, duly licensed to practice in the State of Nevada and before this Court.

2. I am an attorney at Koeller, Nebeker, Carlson & Haluck, LLP and counsel for Third-Party Defendant CSI Worldwide ("Third-Party Defendant CSI").

3. Prior to filing this Motion for Leave of Court to File an Amended Pleading (the "Motion"), Third-Party Defendant CSI sent written communication via email to counsel for the parties on August 21, 2024, at approximately 3:04 p.m. regarding a proposed stipulation to allow Third-Party Defendant CSI to file a Cross Claim against Third-Party Defendant SRS Fabrication, Inc. ("Third-Party Defendant SRS") without leave of court. *See* Third-Party Defendant CSI's Email to Counsel dated August 21, 2024, attached as Exhibit 1.

4. On August 22, 2024, at approximately 7:23 a.m., counsel for Third-Party Defendant SRS, Kevin S. Smith, Esq., responded to the request for consent to file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(2), stating that he "cannot stipulate to allowing another party to file a complaint, including a cross-claim, against my client. You will need to seek leave of the Court." Third-Party Defendant SRS's Email to Counsel dated August 22, 2024, attached as Exhibit 2.

5. Based upon the above, Third-Party Defendant CSI hereby certifies that, despite a sincere effort to resolve this issue via a meet-and-confer written communication, the parties remain unable to resolve this issue without court intervention.

6. This Motion involves requesting the Court's leave to file an Amended Answer and Cross Claim, which will protect Third-Party Defendant CSI's right to contribution and indemnity from Third-Party Defendant SRS in this matter.

7. Because discovery is ongoing, an Amended Answer and Cross Claim should be filed and served expeditiously, and this Motion is made in good faith and not intended to delay justice, there is good cause for the Motion to be heard on an Order Shortening Time.

I hereby swear that the foregoing is true and correct under the penalty of perjury under the laws of the State of Nevada and the United States.

FURTHER YOUR DECLARANT SAYETH NAUGHT.

DATED August 28, 2024, in Las Vegas, Nevada.

_____
Megan K. Dorsey, Declarant

SUBSCRIBED AND SWORN TO
Before me this 28th day of August, 2024.

_____
NOTARY PUBLIC IN AND FOR
CLARK COUNTY, NEVADA

LARISSA RUDOLPH
Notary Public, State of Nevada
Appointment No. 98-0059-1
My Appt. Expires Jun 29, 2026

LARISSA RUDOLPH
Notary Public, State of Nevada
Appointment No. 98-0059-1
My Appt. Expires Jun 29, 2026

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. CHRONOLOGY OF RELEVANT FACTS PRIOR TO THE MOTION

On November 9, 2023, Plaintiff Pirayeh Najmabadi (hereinafter "Plaintiff Najmabadi") filed her Complaint in the District Court of Clark County, Nevada against Defendant Thelios USA Inc. (hereinafter "Defendant Thelios"), Defendant LVMH Moet Hennessy Louis Vuitton Inc. (hereinafter "Defendant LVMH"), and Defendant/Third-Party Plaintiff Sparks Marketing, LLC (hereinafter "Third-Party Plaintiff Sparks"). *See* Doc. #1-3.

On January 31, 2024, Defendant Thelios and Defendant LVMH filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) to remove this lawsuit from the Eighth Judicial District Court to the United States District Court for the District of Nevada. *See* Doc. #1.

On April 25, 2024, Third-Party Plaintiff Sparks filed its Third-Party Complaint against Third-Party Defendant CSI and Third-Party Defendant SRS. *See* Doc. #25.

On May 23, 2024, Third-Party Defendant CSI filed its Answer to Third-Party Plaintiff Sparks's Third-Party Complaint. *See* Doc. #33.

On July 3, 2024, Third-Party Defendant SRS filed its Answer to Third-Party Plaintiff Sparks's Third-Party Complaint. *See* Doc. #35.

On July 25, 2024, Plaintiff Najmabadi served her First Supplement to the Initial Early Case Conference List of Witnesses and Documents pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) Disclosures.

On August 13, 2024, Third-Party Plaintiff Sparks served its written discovery requests to Third-Party Defendant CSI and Third-Party Defendant SRS.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Requests for leave to amend pleadings should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the motion"). In determining

whether leave to amend is appropriate, the district court should consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens*, 244 F.3d at 712 (quoting *Griggs*, 170 F.3d at 880).

### III. LEGAL ARGUMENT

More than 21 days have passed since Third-Party Defendant CSI filed its Answer to the Third-Party Complaint on May 23, 2024. Third-Party Defendant CSI can therefore no longer amend its Answer as a matter of course to include its Cross Claim, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). *See* Fed. R. Civ. P. 15(a)(1)(A). Third-Party Defendant CSI apologizes to the Court and opposing counsel for this oversight. Because Third-Party Defendant SRS declined to give its written consent after the meet-and-confer request, Third-Party Defendant CSI understands that it must now seek leave of court to file an amended pleading. *See* Fed. R. Civ. P. 15(a)(2); *see* Exhibits 1-2.

The Court should grant leave to amend Third-Party Defendant CSI's Answer because justice so requires. The proposed Amended Answer is necessary for Third-Party Defendant CSI to file its Cross Claim against Third-Party Defendant SRS for contribution and indemnity. Third-Party Defendant CSI believes the evidence will show that any responsibility found on its part for the incident alleged in Plaintiff Najmabadi's Complaint is due to the willful, reckless, and/or negligent acts and/or omissions of Third-Party Defendant SRS. The Court should allow Third-Party Defendant CSI to file an Amended Answer because the proposed Cross Claim for contribution and indemnity will be neither futile nor brought in bad faith.

The only filings and occurrences in this case since Third-Party Defendant CSI filed its Answer on May 23, 2024, are: Third-Party Defendant SRS's Answer to the Third-Party Complaint; Plaintiff Najmabadi's First Supplement to the Initial Early Case Conference List of Witnesses and Documents pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) Disclosures; and Plaintiff Najmabadi's written discovery requests. The proposed amendment will neither cause any delay in the proceedings nor will require any additional discovery. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of

prejudice from a delayed motion to amend."). Additionally, Third-Party Defendant CSI moved to amend its Answer as soon as it became aware of the need to file a Cross Claim. Even if Third-Party Defendant CSI had unreasonably delayed the filing of the Motion, "[u]ndue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Because there has only been one filing during this time and discovery is ongoing, there has neither been any undue delay in the filing of the Motion nor will any opposing party in this case suffer any prejudice by allowing Third-Party Defendant CSI to file an Amended Answer and Cross Claim against Third-Party Defendant SRS with leave of court.

Third-Party Defendant CSI therefore respectfully requests that this Honorable Court grant it leave to file the proposed Amended Answer and Cross Claim, attached hereto as Exhibit 3 pursuant to Local Rule 15-1(a). *See* NV R USDCT LR 15-1(a); *see* Exhibit 3. The Court should grant the Motion because it was not filed in bad faith, the Cross Claim is not futile, the Motion was not unduly delayed, and no opposing party will suffer any prejudice if Third-Party Defendant CSI is permitted to amend its Answer and file a Cross Claim. *See Owens*, 244 F.3d at 712 (quoting *Griggs*, 170 F.3d at 880).

## IV. CONCLUSION

Wherefore, for the reasons given above, Third-Party Defendant CSI prays this Honorable Court grant this Motion and grant Third-Party Defendant CSI leave to file the proposed Amended Answer and Cross Claim attached as Exhibit 3.

DATED this 28th day of August, 2024.

KOELLER NEBEKER CARLSON
& HALUCK, LLP

By: /s/ Megan K. Dorsey
MEGAN K. DORSEY, ESQ.
Nevada Bar No. 6959
CULLAN F. STAACK, ESQ.
Nevada Bar No. 16755
300 S. 4th Street, Suite 500
Las Vegas, NV 89101
Attorneys for Third-Party Defendant,
CSI WORLDWIDE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August, 2024, I served a true and correct copy of the foregoing **THIRD-PARTY DEFENDANT CSI WORLDWIDE'S MOTION FOR LEAVE OF COURT TO FILE AN AMENDED PLEADING PURSUANT TO LR 15-1(a) AND FRCP 15(a)(2) ON AN ORDER SHORTENING TIME** by filing a true copy thereof with the Clerk of the Court using the CM/ECF System to be served upon all parties using the CM/ECF System.

/s/ Larissa Rudolph
An Employee of
KOELLER, NEBEKER, CARLSON & HALUCK, LLP