BRIAN E. LUNT, ESQ.
Nevada Bar No. 11189
**EDWARD M. BERNSTEIN & ASSOCIATES**
500 South Fourth Street
Las Vegas, Nevada 89101
Tel.:   (702) 471-5624
Fax:   (702) 385-4640
E-Mail: blunt@edbernstein.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| PIRAYEH M. NAJMABADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THELIOS USA INC., a Foreign Corporation; LVMH MOET HENNESSY LOUIS VUITTON INC., a Foreign Corporation; SPARKS MARKETING LLC, a Foreign Limited-Liability Company; CSI WORLDWIDE, a Foreign Limited-Liability Company; SRS FABRICATION, INC., a Domestic Corporation; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.:  2:24-cv-00217-GN-DJA |

## **AMENDED COMPLAINT**

COMES NOW, Plaintiff, PIRAYEH M. NAJMABADI, by and through her attorney, BRIAN E. LUNT, ESQ., of the law firm of EDWARD M. BERNSTEIN & ASSOCIATES, and for her causes of action against Defendant, alleges as follows:

### **PARTIES**

1. Plaintiff, PIRAYEH M. NAJMABADI (herein "Plaintiff") is, and at all times herein mentioned was, a resident of Las Vegas, Clark County, Nevada.

/ / /

/ / /

/ / /

1

2.       Upon information and belief, THELIOS USA INC., (herein "Defendant THELIOS"), was and is, at all times herein mentioned, a foreign corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Nevada.

3.       Upon information and belief, LVMH MOET HENNESSY LOUIS VUITTON INC., (herein "Defendant LVMH"), was and is, at all times herein mentioned, a foreign corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Nevada.

4.       Upon information and belief, SPARKS MARKETING LLC, (herein "Defendant SPARKS"), was and is, at all times herein mentioned, a foreign limited-liability company organized and existing under the laws of the State of Delaware and authorized to do business in the State of Nevada.

5.       Upon information and belief, CSI WORLDWIDE, (herein "Defendant CSI") was and is, at all times herein mentioned, a Delaware limited-liability company.

6.       Upon information and belief, SRS FABRICATION, INC., (herein "Defendant SRS") was and is, at all times herein mentioned, a Nevada corporation.

7.       The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant DOES I through X are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged.  The legal responsibility of said DOES I through X, arises out of, but is not limited to, their status as owners, as is their maintenance of the relevant premises at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants.  Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

/ / /

/ / /

/ / /

/ / /

/ / /

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

2

8. The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant ROE CORPORATIONS XI through XX are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated ROE CORPORATION is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said ROE CORPORATIONS XI through XX, arises out of, but is not limited to, their status as owners, as is their maintenance and/or entrustment of the subject premises at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venture relationship with said Defendants. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

## JURISDICTION AND VENUE

9. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 8 of this Amended Complaint, as though the same were fully set forth herein.

10. The Court has subject-matter jurisdiction pursuant to Article 6 section 6 of the Nevada State Constitution and NRS 3.010.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 11 of this Amended Complaint, as though the same were fully set forth herein.

12. At all times mentioned herein, Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS owned, operated, maintained and/or controlled a display located within Optica Venetian (herein "the Display"), located at 3377 South Las Vegas Boulevard, Clark County, Nevada (herein "the Property").

13. At all times mentioned herein, Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS were(was) responsible for the safety, maintenance, upkeep, and care of the Display.

14. On or about December 14, 2021, Plaintiff was a guest and invitee on the Property and was lawfully on and within said premises.

15. On said date and at said place, while on the Property, Plaintiff was injured when the Display failed, striking her.

/ / /

## FIRST CAUSE OF ACTION

### (Negligence)

16. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 15 of this Amended Complaint, as though the same were fully set forth herein.

17. On said date and at said place, Defendants THELIOS, LVMH, SPARKS, CSI and/or SRS were(was) negligent in creating, and/or allowing to remain, and/or failing to promptly remove, and/or warn of a hazard that presented a danger of injury to individuals within the Property.

18. Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS owe(d) Plaintiff the duty to maintain the Display and keep it safe and free of hazards.

19. Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS breached the duty they and/or it owed to Plaintiff by failing to ensure the Display was properly designed, constructed, repaired and/or maintained so as to pose a hazard to invitees within the Property.

20. It was the duty of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS to use ordinary due care and diligence to design, construct, repair and/or maintain the Display in a condition reasonably safe for the Property's guests and invitees, and to keep said Display free from all conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her in her lawful use of the same.

21. It was the duty of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS to exercise reasonable care to protect Plaintiff from the danger of reasonably foreseeable injury occurring from her reasonable use of the Display.

22. It was the duty of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS to have available a sufficient number of personnel and equipment, sufficiently trained to properly inspect and maintain the aforesaid Display in a condition reasonably safe for Plaintiff.

23. It was the duty of the aforesaid Defendants to warn Plaintiff of dangers and unsafe conditions rendering the Display unsafe.

24. Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS breached this duty when they and/or it failed design, construct, repair and/or maintain said Display and as a result thereof on December 14, 2021, Plaintiff, a guest and invitee on the Property and while exercising due care and caution for her own safety was injured when the Display failed, striking her.

EDWARD M. BERNSTEIN & ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

25. Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS knew, or should have known, of the unreasonably dangerous condition the Display posed, therefore creating a foreseeable risk of harm to Plaintiff and to others.

26. It was Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS's duty to exercise reasonable care and warn and protect Plaintiff from possible injury by inspection, notification and other affirmative acts in order to discover and correct the dangerous condition then in existence.

27. The resulting injuries to Plaintiff were caused by the negligence of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS.

28. Plaintiff's injuries and damages were caused solely and proximately by the negligence of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS.

29. As a direct and proximate result of the negligence of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS, Plaintiff sustained injuries and suffered great pain.

30. As a further direct and proximate result of the aforesaid negligence of Defendants, THELIOS, LVMH, SPARKS, CSI and/or SRS, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto for necessary treatment and Plaintiff may be required in the future to incur expenses for medical care and treatment.

31. By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiff, has incurred injuries all or some of which conditions may be permanent and disabling in nature, aggregating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs of suit incurred herein, and interest.

### SECOND CAUSE OF ACTION

### (Strict Liability)

33. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 32 of this Amended Complaint, as though the same were fully set forth herein.

/ / /

/ / /

EDWARD M. BERNSTEIN & ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

5

34. At all times relevant hereto, Defendants were actively engaged in the business of designing, manufacturing, marketing, warranting, distributing, and selling displays.

35. Prior to the Subject Incident, Defendants designed, manufactured, assembled, inspected, tested, marketed, distributed, warranted, placed into the stream of commerce and sold the Subject Display in the normal course of its business, for use by the general public as ultimate consumers.

36. At the time of the Subject Incident, and at the time the Subject Display left the control of Defendants, it was defective and unreasonably dangerous in its design, manufacture and/or warning.

37. At the time of the Subject Incident, the Subject Display was in the same or substantially the same condition as it was when it left Defendants' control.

38. At all times pertinent, the Subject Display was used in a manner reasonably anticipated and intended by Defendants.

39. The Subject Incident was reasonably foreseeable to Defendants.

40. Defendants knew that the Subject Display would be used without inspection for defects and represented that it could be safely used and would be fit for the ordinary purposes for which it was purchased.

41. The Subject Display failed to perform in a manner reasonably expected in light of its nature and intended function.

42. The danger posed by the design, manufacture and/or warnings of the Subject Display far outweighed any possible utility, and safer alternative designs were both technologically and economically feasible at the time the product was placed on the market, and at the time of Subject Incident.

43. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Display, Plaintiff suffered severe and permanent injuries.

44. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Display and her resulting injuries, Plaintiff suffered damages including, but not limited to, past, present and future medical care, past, present and future pain and suffering and emotional distress, permanent disfigurement, loss of earnings and impairment to earning capacity, and past, present and future loss of enjoyment of life.

/ / /

/ / /

EDWARD M. BERNSTEIN & ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS, NEVADA 89101
(702) 240-0000

45. By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiff, has incurred injuries all or some of which conditions may be permanent and disabling in nature, aggregating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

46. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs of suit incurred herein, and interest.

**WHEREFORE**, Plaintiff requests judgment against Defendant, as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Damages for costs of past, present, and future medical care and treatment and costs incidental thereto when the same have been fully ascertained;
3. For loss of earnings and diminished future earning capacity when the same have been fully ascertained;
4. Reasonable attorneys' fees, costs of suit incurred herein, and interest; and
5. For such other and further relief as the Court may deem proper in the premises.

DATED this 3rd day of September, 2024.

EDWARD M. BERNSTEIN & ASSOCIATES

By: /s/ *Brian E. Lunt*
BRIAN E. LUNT, ESQ.
Nevada Bar No. 11189
500 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2024, I served a true and correct copy of the foregoing **AMENDED COMPLAINT** by filing a true copy thereof with the Clerk of the Court using the CM/ECF System to be served upon all parties using the CM/ECF System.

BREMER WHYTE BROWN & O'MEARA
LUCIAN J. GRECO, JR., ESQ.
MELISSA INGLEBY, ESQ.
1160 North Town Center Drive, Suite 250
Las Vegas, Nevada 89144
Telephone: (702) 258-6665
Facsimile: (702) 258-6662
*Attorneys for Defendant*
*SPARKS MARKETING, LLC*

HALL JAFFE, LLP
STEVEN T. JAFFE, ESQ.
KEVIN S. SMITH, ESQ.
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Third-Party Defendant*
*SRS FABRICATION, INC.*

LINCOLN, GUSTAFSON & CERCOS, LLP
LOREN S. YOUNG, ESQ.
7670 West Lake Mead Boulevard, Suite 200
Las Vegas, Nevada 89128
*Attorney for Defendants*
*THELIOS USA INC. and LVMH MOET HENNESSY LOUIS VUITTON INC.*

KOELLER NEBEKER CARLSON & HALUCK, LLP
MEGAN K. DORSEY, ESQ.
300 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Third-Party Defendant*
*CSI WORLDWIDE*

/s/ *Kari L. Thoresen*
An Employee of
EDWARD M. BERNSTEIN & ASSOCIATES

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

8