MEGAN K. DORSEY, ESQ.
Nevada Bar No. 6959
CULLAN F. STAACK, ESQ.
Nevada Bar No. 16755
KOELLER NEBEKER CARLSON
   & HALUCK, LLP
300 S. 4th Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
Megan.dorsey@knchlaw.com
Cullan.staack@knchlaw.com
Attorneys for Defendant,
CSI WORLDWIDE, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PIRAYEH M. NAJMABADI, an individual, | CASE NO.: 2:24-cv-00217-GMN-DJA |
| Plaintiff, | **DEFENDANT CSI WORLDWIDE, LLC'S ANSWER TO PLAINTIFF PIRAYEH M. NAJMABADI'S AMENDED COMPLAINT** |
| vs. | |
| THELIOS USA INC., a Foreign Corporation; LVMH MOET HENNESSY LOUIS VUITTON INC., a Foreign Corporation; SPARKS MARKETING, LLC, a Foreign Limited-Liability Company; CSI WORLDWIDE, LLC, a Foreign Limited-Liability Company; SRS FABRICATION, INC., a Domestic Corporation; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, | and **CROSS CLAIM AGAINST DEFENDANT SPARKS MARKETING, LLC AND DEFENDANT SRS FABRICATION, INC.** and **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| SPARKS MARKETING, LLC, | |
| Third-Party Plaintiff, | |
| vs. | |
| CSI WORLDWIDE, a Foreign Limited-Liability Company; SRS FABRICATION, INC., a Domestic Corporation; DOES 1 through 20, inclusive; and ROE BUSINESS ENTITIES 1 through 20, inclusive, | |
| Third-Party Defendants. | |

///

**COMES NOW,** Defendant CSI WORLDWIDE, LLC (hereinafter "Defendant CSI"), by and through its attorneys of record, the law firm of KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and hereby submits its Answer to Plaintiff PIRAYEH M. NAJMABADI's (hereinafter "Plaintiff"), Amended Complaint, its Cross Claim against Defendant SPARKS MARKETING, LLC (hereinafter "Defendant Sparks") and Defendant SRS FABRICATION, INC. (hereinafter "Defendant SRS"), and its Demand for Jury Trial. Except as expressly admitted, denied, and/or alleged in this Answer, Defendant CSI denies the allegations of Plaintiff's Amended Complaint consistent with FRCP 8(b)(3).

## PARTIES

1. Answering the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

2. Answering the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

3. Answering the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

4. Answering the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5. Answering the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, Defendant CSI admits to being a Delaware limited-liability company.

6. Answering the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

///

///

7. Answering the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

8. Answering the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

## JURISDICTION AND VENUE

9. Defendant CSI incorporates by reference each response made to each and every preceding Paragraph in Plaintiff's Amended Complaint as though fully set forth herein.

10. Answering the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

## FACTS COMMON TO ALL CLAIMS

11. Defendant CSI incorporates by reference each response made to each and every preceding Paragraph in Plaintiff's Amended Complaint as though fully set forth herein.

12. Answering the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the other defendants, and on that basis denies them. Defendant CSI admits only to installing the Display at the Property on December 7, 2021, pursuant to and as instructed by Defendant Sparks. Defendant CSI denies any other allegations against it that may be inferred from this Paragraph.

13. Answering the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the other defendants, and on that basis denies them. Defendant CSI admits only to being responsible for the installation of the Display and denies any other allegations against it that may be inferred from this Paragraph.

///

///

14. Answering the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

15. Answering the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Display failed, and on that basis denies that part of the allegations.

## CAUSES OF ACTION

### (Negligence)

16. Defendant CSI incorporates by reference each response made to each and every preceding Paragraph in Plaintiff's Amended Complaint as though fully set forth herein.

17. Answering the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the other defendants, and on that basis denies them. Defendant CSI denies the allegations therein as applied to Defendant CSI.

18. Answering the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the other defendants, and on that basis denies them. Defendant CSI denies the allegations therein as applied to Defendant CSI.

19. Answering the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the other defendants, and on that basis denies them. Defendant CSI denies the allegations therein as applied to Defendant CSI.

20. Answering the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

21. Answering the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

695766v2

22. Answering the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

23. Answering the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

24. Answering the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

25. Answering the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

26. Answering the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

27. Answering the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

28. Answering the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

29. Answering the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

30. Answering the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

///

answering the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

31. Answering the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

**(Strict Liability)**

32. Defendant CSI incorporates by reference each response made to each and every preceding Paragraph in Plaintiff's Amended Complaint as though fully set forth herein.

33. Answering the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

34. Answering the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

35. Answering the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

36. Answering the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

37. Answering the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

38. Answering the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

///

39. Answering the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

40. Answering the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

41. Answering the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

42. Answering the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

43. Answering the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

44. Answering the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

45. Answering the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint, Defendant CSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

## **AFFIRMATIVE DEFENSES**

### **(Failure to State a Claim)**

As a first separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff's Amended Complaint, and each and every purported Cause of Action contained therein, fails to state facts sufficient to constitute a Cause of Action against Defendant CSI.

///

///

**(Lack of Personal Jurisdiction)**

As a second separate and distinct affirmative defense, Defendant CSI alleges that the causes of action and alleged damages set forth in the Amended Complaint do not support an imposition of jurisdiction in the United States District Court.

**(Improper Venue)**

As a third separate and distinct affirmative defense, Defendant CSI alleges that the causes of action and alleged damages set forth in the Amended Complaint render the District of Nevada an improper venue for the pending action.

**(Lack of Standing)**

As a fourth separate and distinct affirmative defense, Defendant CSI is informed and believes, and thereon alleges, that Plaintiff herein lacks standing to bring said action against this answering Defendant CSI.

**(Statute of Limitations)**

As a fifth separate and distinct affirmative defense, Defendant CSI alleges that the causes of action set forth in the Amended Complaint may be barred by the applicable statutes of limitations, whether set by statute or contract.

**(Untimely Claims)**

As a sixth separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff's claims may be untimely and may therefore be barred by expiration of equitable, statutory, or contractual deadlines.

**(Direct and Proximate Causation of Doe and Roe Defendants)**

As a seventh separate and distinct affirmative defense, Defendant CSI alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations, and/or entities other than Defendant CSI, and that the liability of Defendant CSI, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant CSI.

///

///

**(Direct and Proximate Causation of Other Defendants)**

As an eighth separate and distinct affirmative defense, Defendant CSI is informed and believes and thereon alleges that at all times mentioned herein, other Defendants were negligent, careless, and/or reckless and unlawfully conducted themselves so as to directly and proximately contribute to the happening of the incident and the occurrence of claimed damages by Plaintiff, all of which said negligence bars either completely or partially the damages sought herein against Defendant CSI.

**(Intervening and/or Superseding Cause)**

As a ninth separate and distinct affirmative defense, Defendant CSI is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused or contributed to by the acts of other persons and/or other entities and that said acts were an intervening and/or superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring any recovery against Defendant CSI.

**(Assumption of the Risk)**

As a tenth separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff expressly, voluntarily, and knowingly assumed all risks about which she complains and that, therefore, Plaintiff is barred either totally or to the extent of said assumption from any damages against Defendant CSI.

**(Waiver and Estoppel)**

As an eleventh separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff by her own acts or omissions has waived and/or may be estopped and/or barred from alleging any of the claims or causes of action contained in the Amended Complaint.

**(Comparative Negligence)**

As a twelfth separate and distinct affirmative defense, Defendant CSI is informed and believes and thereon alleges that Plaintiff is at fault, either entirely or more than Defendant CSI, for the subject acts and events, barring any recovery against Defendant CSI.

///

///

### (Conduct was Justified)

As a thirteenth separate and distinct affirmative defense, Defendant CSI alleges that the conduct of Defendant CSI in regard to the matters alleged in Plaintiff's Amended Complaint was justified, and by reasons of the foregoing, Plaintiff is barred from any recovery against Defendant CSI herein.

### (Good Faith)

As a fourteenth separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff's Causes of Action may be barred in whole or in part because any actions taken by Defendant CSI were fair and reasonable and were performed in good faith based on all relevant facts known to Defendant CSI at the time.

### (Brought Without Reasonable Care)

As a fifteenth separate and distinct affirmative defense, Defendant CSI alleges that the Amended Complaint, and each purported Cause of Action contained therein, may have been brought without reasonable care and/or without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the Amended Complaint against Defendant CSI; therefore, Plaintiff may be responsible for all necessary and reasonable defense costs, including attorney's fees incurred by Defendant CSI.

### (Accord and Satisfaction)

As a sixteenth separate and distinct affirmative defense, Defendant CSI alleges that the Causes of Action and alleged damages set forth in the Amended Complaint may be barred partially or completely by the Doctrine of Accord and Satisfaction.

### (Unclean Hands)

As a seventeenth separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff's Amended Complaint may be barred by the Doctrine of Unclean Hands.

### (Laches)

As an eighteenth separate and distinct affirmative defense, Defendant CSI alleges that Plaintiff's Amended Complaint may be barred by the Doctrine of Laches.

///

**(Additional Affirmative Defenses)**

As a nineteenth separate and distinct affirmative defense, Defendant CSI is informed and believes and thereon alleges that it presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant CSI therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant CSI prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Amended Complaint as applied to Defendant CSI;

2. For costs of suit incurred herein including, but not limited to, reasonable attorney's fees, expert fees, and costs; and

3. For such other and further relief as the Court may deem just and proper.

**CROSS CLAIM**

Defendant CSI Worldwide, LLC files this Cross Claim against the above-captioned Defendant Sparks Marketing, LLC and Defendant SRS Fabrication, Inc., complaining and alleging as follows:

1. Defendant Sparks contracted with Defendant CSI to set up and install a free-standing glass door display cabinet (hereinafter the "Display") that had been manufactured by Defendant SRS per the specifications of Defendant Sparks.

2. Defendant CSI's role was to provide labor to move and transport the constructed Display components from the delivery truck to the display location in the Optica store in the Venetian and to set up the Display in that location using instructions provided by Defendant Sparks and Defendant SRS.

3. Defendant Sparks contracted with Defendant SRS to design, manufacture, build, and partially pre-assemble the Display.

4. On or about December 7, 2021, the Display arrived in the delivery truck substantially assembled with the entire glass panel already installed by Defendant SRS.

695766v2

5. The left glass panel fell out of the Display as Defendant CSI was unloading the components from the delivery truck.

6. Defendant Sparks and Defendant SRS were both immediately notified by Defendant CSI of the issue with the left glass panel. Defendant Sparks and Defendant SRS each separately instructed Defendant CSI to re-install the left glass panel. Defendant CSI complied with the instructions.

7. On or about December 14, 2021, the right glass panel fell out of the Display as Plaintiff, an employee of other defendants, was utilizing the Display as part of her employment.

8. The Display glass impacted Plaintiff.

9. Defendant Sparks contracted again with Defendant SRS to design, manufacture, and build the new replacement Display glass.

10. Defendant Sparks utilized the services of Cross Claimant and Defendant CSI to install the new replacement glass in the Display, which was done and approved by Defendant Sparks on or about January 8, 2022.

## FIRST CAUSE OF ACTION

**(Contribution Against Defendant Sparks and Defendant SRS)**

11. Defendant CSI repeats and realleges the allegations of Paragraphs 1 through 10 of this Cross Claim as though fully set forth herein.

12. In the event that the trier of fact concludes that Plaintiff's allegations are true, and if Defendant CSI is held liable to Plaintiff in said action or if Defendant CSI should enter into a settlement or compromise with Plaintiff, then Defendant CSI alleges that any responsibility found on the part of Defendant CSI will be due to the willful acts, recklessness, negligence, and/or fault of Defendant Sparks and/or Defendant SRS.

13. Therefore, if Plaintiff should recover judgment against Defendant CSI for, and to the extent of, the injuries alleged to have been suffered by Plaintiff and/or if Defendant CSI should enter into a settlement or compromise to compensate Plaintiff for her alleged injuries, then Defendant Sparks and/or Defendant SRS will be liable and bound to contribute to

Defendant CSI an amount proportional to the amount of fault attributable to Defendant Sparks and/or Defendant SRS.

14. It has been necessary for Defendant CSI to retain the services of attorneys in this action. Accordingly, Defendant CSI is entitled to recover reasonable attorney's fees and costs incurred herein pursuant to Nevada law.

**SECOND CAUSE OF ACTION**

**(Apportionment Against Defendant Sparks and Defendant SRS)**

15. Defendant CSI repeats and realleges the allegations of Paragraphs 1 through 14 of this Cross Claim as though fully set forth herein.

16. If Defendant CSI is found to be liable to Plaintiff, or makes payments of any amount to any party, such payments would be based upon acts or omissions of Defendant Sparks and/or Defendant SRS, in that Defendant Sparks and/or Defendant SRS are completely responsible for the injuries in question.

17. Defendant CSI may be held liable to Plaintiff for all or part of said claims, in which event Defendant CSI is entitled to an apportionment of liability amount from Defendant Sparks and/or Defendant SRS.

18. Based upon the acts and/or omissions of Defendant Sparks and/or Defendant SRS, if Plaintiff recovers against Defendant CSI herein, Defendant CSI is entitled to an apportionment of liability from Defendant Sparks and/or Defendant SRS according to their respective fault, for any and all damages, liability, loss, judgment, settlement, amounts, and expenses including, but not limited to, attorney's fees, awards, compromises, costs, expert's fees, and fines incurred by, or on behalf of, Defendant CSI in the underlying action initiated by Plaintiff.

19. It has been necessary for Defendant CSI to retain the services of attorneys in this action. Accordingly, Defendant CSI is entitled to recover reasonable attorney's fees and costs incurred herein pursuant to Nevada law.

///

///

## THIRD CAUSE OF ACTION

### (Equitable Indemnity Against Defendant Sparks and Defendant SRS)

20. Defendant CSI repeats and realleges the allegations of Paragraphs 1 through 19 of this Cross Claim as though fully set forth herein.

21. Defendant CSI alleges that Defendant Sparks and/or Defendant SRS engaged in acts and/or omissions that were willful, reckless, and/or negligent and were a proximate and foreseeable cause of Plaintiff's alleged injuries.

22. In the event that the trier of fact concludes that the allegations of Plaintiff are true, and if Defendant CSI is held liable for, and to the extent of, the injuries alleged to have been suffered by Plaintiff and/or if Defendant CSI should enter into a settlement or compromise to compensate Plaintiff for her alleged injuries, then Defendant CSI will be entitled to judgment in the like amount, or in proportion to fault, for comparative equitable indemnity over and against Defendant Sparks and/or Defendant SRS.

23. It has been necessary for Defendant CSI to retain the services of attorneys in this action. Accordingly, Defendant CSI is entitled to recover reasonable attorney's fees and costs incurred herein pursuant to Nevada law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant CSI prays for judgment against Defendant Sparks and/or Defendant SRS as follows:

1. A determination that Defendant Sparks and/or Defendant SRS contributed in some percentage to the loss, damage, and detriment alleged by Plaintiff and for a declaration of percentages by which Defendant Sparks and/or Defendant SRS contributed to the loss, damage, and detriment, if any, of Plaintiff;

2. That if Plaintiff should recover a sum or judgment against Defendant CSI, that Defendant CSI should have a judgment against Defendant Sparks and/or Defendant SRS;

3. For general and special damages in excess of $15,000.00;

4. For contribution;

///

5. For an apportionment of liability against Defendant Sparks and/or Defendant SRS;

6. For indemnity of all damages and/or economic losses that Plaintiff and/or any other party recovers against Defendant CSI by way of judgment, order, settlement, compromise, or trial;

7. For reasonable attorney's fees, costs, expert's fees, and expenses, pursuant to statutory law, common law, and contract law;

8. For prejudgment interest and post-judgment interest; and

9. For such other and further relief as this Court may deem just, equitable, and proper.

## JURY TRIAL DEMAND

Defendant CSI Worldwide, LLC demands a jury trial.

DATED this 17th day of September, 2024.

KOELLER NEBEKER CARLSON
 & HALUCK, LLP

By: /s/ Megan K. Dorsey
MEGAN K. DORSEY, ESQ.
Nevada Bar No. 6959
CULLAN F. STAACK, ESQ.
Nevada Bar No. 16755
300 S. 4th Street, Suite 500
Las Vegas, NV 89101
Attorneys for Defendant,
CSI WORLDWIDE, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of September, 2024, I served a true and correct copy of the foregoing **DEFENDANT CSI WORLDWIDE, LLC'S ANSWER TO PLAINTIFF PIRAYEH M. NAJMABADI'S AMENDED COMPLAINT and CROSS CLAIM AGAINST DEFENDANT SPARKS MARKETING, LLC AND DEFENDANT SRS FABRICATION, INC. and DEMAND FOR JURY TRIAL** by filing a true copy thereof with the Clerk of the Court using the CM/ECF System to be served upon all parties using the CM/ECF System.

           /s/ *Laura Paturzo*
           An Employee of
           KOELLER, NEBEKER, CARLSON & HALUCK, LLP

695766v2