1  STEVEN T. JAFFE, ESQ.
   Nevada Bar No. 7035
2  sjaffe@halljaffe.com
   KEVIN S. SMITH, ESQ.
3  Nevada Bar No. 7184
   ksmith@halljaffe.com
4
                **HALL JAFFE, LLP**
5                  7425 Peak Drive
                Las Vegas, Nevada 89128
6                  (702) 316-4111
                  Fax (702) 316-4114
7
   *Attorneys for Defendant/Third-Party Defendant/*
8    *Cross-Claimant SRS Fabrication, Inc.*

9            **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11 PIRAYEH M. NAJMABADI, an individual,        CASE NO.  2:24-cv-00217-GMN-DJA

12                    Plaintiffs,

13 vs.

14 THELIOS USA INC., a Foreign Corporation;    **DEFENDANT/THIRD-PARTY**
   LVMH MOET HENNESSY LOUIS                    **DEFENDANT/CROSS-CLAIMANT SRS**
15 VUITTON INC., a Foreign Corporation;        **FABRICATION, INC.'S ANSWER TO**
   SPARKS MARKETING LLC, a Foreign             **PLAINTIFF'S AMENDED**
16 Limited-Liability Company; CSI              **COMPLAINT**
   WORLDWIDE, a Foreign Limited-Liability
17 Company; SRS FABRICATION, INC, a            **And**
   Domestic Corporation; DOES I through X; and
18 ROE CORPORATIONS XI through XX,             **DEFENDANT/THIRD-PARTY**
   inclusive,                                  **DEFENDANT/CROSS-CLAIMANT SRS**
19                                             **FABRICATION, INC.'S CROSS-**
                                               **CLAIM AGAINST SPARKS**
20                    Defendants.              **MARKETING, LLC AND CSI**
                                               **WORLDWIDE**
21 SPARKS MARKETING, LLC,

22                    Third-Party Plaintiff,

23 vs.

24 CSI WORLDWIDE, a Foreign Limited-
   Liability Company; SRS FABRICATION,
25 INC., a Domestic Corporation; DOES I
   through 20, inclusive; and ROE BUSINESS
26 ENTITIES 1 through 20, inclusive,

27                    Third-Party Defendants.

28
                            1

COMES NOW Defendant/Third-Party Defendant/Cross-Claimant SRS FABRICATION, INC., by and through its attorneys STEVEN T. JAFFE, ESQ. and KEVIN S. SMITH, ESQ., of HALL JAFFE, LLP, and answers the Plaintiff's Amended Complaint as follows:

## **PARTIES**

1.    Answering Paragraph 1 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

2.    Answering Paragraph 2 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

3.    Answering Paragraph 3 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

4.    Answering Paragraph 4 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

5.    Answering Paragraph 5 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

6.    Answering Paragraph 6 of the Amended Complaint, this Answering Defendant admits the allegations contained therein.

7.    Answering Paragraph 7 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

8.    Answering Paragraph 8 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

9.      Answering Paragraph 9 of the Amended Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 8 as if more fully set forth herein, and thereby incorporate them.

10.     Paragraph 10 of the Amended Complaint does not state a claim for relief or make any allegation against this Answering Defendant, but makes a legal conclusion.  If any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained in said paragraph.  To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

**FACTS COMMON TO ALL CLAIMS**

11.     Answering Paragraph 11 of the Amended Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 10 as if more fully set forth herein, and thereby incorporates them.

12.     Answering Paragraph 12 of the Amended Complaint, to the extent that any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained in said paragraph.  To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

13.     Answering Paragraph 13 of the Amended Complaint, to the extent that any allegation contained in said paragraph may be construed to be against this Answering Defendant, this Answering Defendant denies each and every allegation against it contained in said paragraph.  To the extent said paragraph contains allegations relating to parties other than this Answering Defendant, this Answering Defendant is without knowledge or information to

form a belief as to the truth of said allegations and therefore denies each and every allegation contained therein.

14.    Answering Paragraph 14 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

15.    Answering Paragraph 15 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

## FIRST CAUSE OF ACTION

### (Negligence)

16.    Answering Paragraph 16 of the Amended Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 15 as if more fully set forth herein, and thereby incorporates them.

17.    Answering Paragraph 17 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

18.    Answering Paragraph 18 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

19.    Answering Paragraph 19 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

20.     Answering Paragraph 20 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

21.     Answering Paragraph 21 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

22.     Answering Paragraph 22 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

23.     Answering Paragraph 23 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

24.     Answering Paragraph 24 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

25.     Answering Paragraph 25 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

26.     Answering Paragraph 26 of the Amended Complaint, this Answering Defendant pleads that the allegations call for legal conclusions to which this Answering Defendant may not properly plead its answer, and accordingly, denies the allegations.

27.     Answering Paragraph 27 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

28.     Answering Paragraph 28 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

29.     Answering Paragraph 29 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

30.     Answering Paragraph 30 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant denies all allegations contained therein.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

31.     Answering Paragraph 31 of the Amended Complaint, this Answering Defendant denies all allegations.

32.     Answering Paragraph 32 of the Amended Complaint, this Answering Defendant denies all allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

### (Strict Liability)

33.    Answering Paragraph 33 of the Amended Complaint, this Answering Defendant repeats and realleges his/her answers and responses to paragraphs 1 through 32 as if more fully set forth herein, and thereby incorporates them.

34.    Answering Paragraph 34 of the Amended Complaint, this Answering Defendant admits that, at all times relevant herein, this Answering Defendant was actively engaged in the business of manufacturing displays.  This answering Defendant denies all other allegations contained therein.

35.    Answering Paragraph 35 of the Amended Complaint, solely to the extent that the allegations contained therein refer to this Answering Defendant, this Answering Defendant admits that it manufactured the Subject Display.  This answering Defendant denies all other allegations contained therein that refer to this Answering Defendant.  As to all other Defendants, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied.

36.    Answering Paragraph 36 of the Amended Complaint, this Answering Defendant denies all allegations.

37.    Answering Paragraph 37 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

38.    Answering Paragraph 38 of the Amended Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

39.    Answering Paragraph 39 of the Amended Complaint, this Answering Defendant denies all allegations.

40.    Answering Paragraph 40 of the Amended Complaint, this Answering Defendant denies all allegations.

41.     Answering Paragraph 41 of the Amended Complaint, this Answering Defendant denies all allegations.

42.     Answering Paragraph 42 of the Amended Complaint, this Answering Defendant denies all allegations.

43.     Answering Paragraph 43 of the Amended Complaint, this Answering Defendant denies all allegations.

44.     Answering Paragraph 44 of the Amended Complaint, this Answering Defendant denies all allegations.

45.     Answering Paragraph 45 of the Amended Complaint, this Answering Defendant denies all allegations.

46.     Answering Paragraph 46 of the Amended Complaint, this Answering Defendant denies all allegations.

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses in this case, this Answering Defendant asserts the following:

## **FIRST AFFIRMATIVE DEFENSE**

This Answering Defendant alleges that the Plaintiff expressly assumed whatever risk or hazard existed at the time of the claimed incident(s) and was therefore responsible for the alleged injuries suffered and further, that the Plaintiff was guilty of negligence on her own part which caused or contributed to any injuries suffered by the Plaintiff.

## **SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has failed to timely plead this matter and has delayed the investigation and litigation of this claim to the prejudice of this Answering Defendant.  Accordingly, this action should be dismissed.

## **THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant alleges that this Court lacks in personal jurisdiction over this Answering Defendant.

. . .

1

## FOURTH AFFIRMATIVE DEFENSE

2     This Answering Defendant alleges that there has been insufficiency of process and as a

3  result, this Answering Defendant has been prejudiced in this litigation.

4

## FIFTH AFFIRMATIVE DEFENSE

5     This Answering Defendant alleges that there has been insufficiency in the service of

6  process and as a result, this Answering Defendant has been prejudiced in this litigation.

7

## SIXTH AFFIRMATIVE DEFENSE

8     The Amended Complaint fails to state a claim against this Answering Defendant upon

9  which relief can be granted.

10

## SEVENTH AFFIRMATIVE DEFENSE

11     The cause of action set forth in the Amended Complaint is subject to dismissal for

12  failure to join a necessary and indispensable party pursuant to FRCP 19.

13

## EIGHTH AFFIRMATIVE DEFENSE

14     This Answering Defendant alleges that the negligence of the Plaintiff exceeds that of the

15  Defendants, if any, and that the Plaintiff is thereby barred from any recovery.

16

## NINTH AFFIRMATIVE DEFENSE

17     Plaintiff has failed to mitigate her damages and, thus, monetary recovery, if any, should

18  be reduced accordingly.

19

## TENTH AFFIRMATIVE DEFENSE

20     The Amended Complaint and each and every purported cause of action in the Amended

21  Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on

22  which relief can be granted against this Answering Defendant.

23

## ELEVENTH AFFIRMATIVE DEFENSE

24     All risks and dangers involved in the factual situation set forth in the Amended

25  Complaint were open and obvious to the Plaintiff.

26  . . .

27  . . .

28  . . .

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was involved in a prior accident or other form of traumatic event which caused all of part of the injuries of which he complains, and Plaintiff must either prove causation or apportion damages, or Plaintiff will fail to establish causation as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly and timely file her Amended Complaint pursuant to the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant is entitled to a finding of several liability only between the parties to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The accident occurrence which is the subject matter of this action was unavoidable, wherefore, Plaintiff is barred from any recovery against this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff is barred from bringing this claim as all consequences of this claim were avoidable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that the injuries, if any, suffered by the Plaintiff as set forth in Plaintiff's Amended Complaint were caused in whole or in part by the negligence of a third party over whom this Answering Defendant had no control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the items of special damages claims, pursuant to FRCP 9(g).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and problems, as alleged herein, pre-existed the accident at issue in this matter, thereby barring or limiting recovery.

. . .

. . .

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2

This Answering Defendant is owed indemnity by another entity for the injuries and

3

damages alleged herein.

4

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

5

This Answering Defendant cannot be liable for indemnity, as this Answering Defendant

6

was not negligent and cannot be held responsible in indemnity for the sole negligence of

7

others.

8

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

9

Plaintiff's Amended Complaint is procedurally deficient, as it exceeds the permissible

10

scope of recovery for Complaints in general.

11

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

12

This Answering Defendant had no actual notice of the alleged condition which the

13

Plaintiff alleges caused injuries.

14

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15

This Answering Defendant had no constructive notice of the alleged condition which the

16

Plaintiff alleges caused injuries.

17

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

18

Plaintiff, another party, or some other person or entity has intentionally or negligently

19

destroyed critical evidence, thereby constituting spoliation of evidence, to this Answering

20

Defendant's prejudice.

21

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

22

The Plaintiff's medical costs derive from unreasonable or unnecessary treatment, such

23

costs are not usual and customary, and such costs and treatment are presented solely to

24

improperly attempt to increase the value of this case.

25

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

26

The Plaintiff, or her agent, is barred from asserting any claims against this Answering

27

Defendant because the alleged damages were the result of a superceding intervening cause.

28

. . .

11

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff intentionally withheld information from this Answering Defendant, from treating medical providers, from experts, and/or from other individuals or entities as a means of fraudulently increasing the value of this claim, to this Answering Defendant's express or implied intended detriment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The product in question was not being used for its ordinary and intended use and thus the injury was unforeseeable.

## THIRTIETH AFFIRMATIVE DEFENSE

A manufacturer or seller has no duty to warn of patent or obvious dangers.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff voluntarily assumed the risk by personally knowing and appreciating the risk or danger created by the defect, encountering the risk while realizing the danger, and the decision to voluntarily assume the known risk was unreasonable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The product was misused.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Product was altered or modified in some unforeseeable manner which subsequently caused the injuries and damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The product was not in a reasonably dangerous or defective condition at the time it left this Answering Defendant's control.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff, or her agent, is barred from asserting any claims against this Answering Defendant because the alleged damages were the result of intervening, superseding conduct of others.

. . .

. . .

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff, or her agent, is barred from asserting any claims against this Answering Defendant because the alleged damages were the result of a superceding intervening cause.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

If the subject Product alleged in the Plaintiff's Amended Complaint was in any way defective, the Plaintiff knew, or with reasonable inspection, should have known, of any such defects, and the Plaintiff negligently and carelessly failed to discover and guard against such alleged defective condition, if any, and the Plaintiff's injuries, if any, were caused by the Plaintiff's negligent failure to discover and guard against such condition.

This Answering Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Third-Party Defendant SRS Fabrication, Inc. prays for relief as follows:

      1.    That Plaintiff take nothing by virtue of her Complaint on file herein;

      2.    A judgment of dismissal be entered in favor of this Answering Defendant;

      3.    That this Answering Defendant be dismissed with costs incurred and reasonable attorney's fees; and

      4.    For such other and further relief as to the Court deems just and proper in the premises.

**DEFENDANT/CROSS-CLAIMANT SRS FABRICATION, INC.'S  CROSS-CLAIM AGAINST SPARKS MARKETING, LLC AND CSI WORLDWIDE**

COMES NOW Defendant/Cross-Claimant SRS FABRICATION, INC., by and through its attorneys of record, STEVEN T. JAFFE, ESQ., and KEVIN S. SMITH, ESQ., of HALL JAFFE, LLP, and alleges the following cross-claim against Cross Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE, and alleges as follows:

      1.    At all times relevant hereto, Cross-Claimant SRS FABRICATION, INC. was a corporation licensed and registered in the State of Nevada.

2.      At all times relevant hereto, Cross Defendant SPARKS MARKETING, LLC was a foreign limited liability company, which at all times relevant hereto did operate, conduct business, appear, or otherwise avail itself of the laws and protections of the State of Nevada.

3.      At all times relevant hereto, Cross Defendant CSI WORLDWIDE was a foreign limited liability company, which at all times relevant hereto did operate, conduct business, appear, or otherwise avail itself of the laws and protections of the State of Nevada.

4.      SPARKS MARKETING, LLC retained SRS FABRICATION, INC. to manufacture the display unit which is the subject of this litigation.

5.      SPARKS MARKETING, LLC provided SRS FABRICATION, INC. with the necessary plans and specifications needed to manufacture the display unit which is the subject of this litigation.

6.      On information and belief, SPARKS MARKETING, LLC designed the display unit which is the subject of this litigation.

7.      SRS FABRICATION, INC. manufactured the display unit in complete compliance with the plans and specifications provided by SPARKS MARKETING, LLC.

8.      On information and belief, following manufacture of the display unit, SPARKS MARKETING, LLC retained CSI WORLDWIDE to deliver and install the display unit at Optica Venetian.

9.      On information and belief, during the delivery of the display unit, CSI WORLDWIDE reinstalled the glass display doors, which reportedly had separated from the display unit during delivery by CSI WORLDWIDE.

10.     Any alleged defect in the design of the display unit stemmed from the conduct of SPARKS MARKETING, LLC.

11.     Any alleged negligence in the installation of the display unit stemmed from the conduct of CSI WORLDWIDE.

12.     On information and belief, CSI WORLDWIDE materially altered the condition of the display unit after it left the possession, custody and control of agents of SRS FABRICATION, INC.

13.    To the extent that Plaintiff asserts and it is determined that a duty was owed her at the time of the incident complained of, Cross Defendants owed the duty of care to the Plaintiff.

14.    To the extent that Plaintiff asserts and it is determined that a duty owed to her at the time of the incident complained of was violated, Cross Defendants violated the duty of care to the Plaintiff.

15.    To the extent that Plaintiff asserts and it is determined that a violation of a duty owed to her at the time of the incident complained of either proximately caused or contributed to proximately causing her damages, Cross Defendants violated the duty of care to the Plaintiff, proximately causing her damages.

## FIRST CLAIM FOR RELIEF

### (Equitable Indemnification against CSI WORLDWIDE)

16.    Cross-claimant SRS FABRICATION, INC. repeats and realleges the allegations contained in paragraphs 1 to 15 as though fully set forth herein.

17.    Cross-claimant SRS FABRICATION, INC. committed no independent wrong in relation to Plaintiff's underlying claims.

18.    On information and belief, CSI WORLDWIDE, by its negligence, materially altered the display unit in question, thereby causing it to become unstable and subject to failure.

19.    In the event Cross-claimant SRS FABRICATION, INC. is found to be liable to Plaintiff, then Cross-claimant SRS FABRICATION, INC.'s liability was proximately caused by the primary and active negligence of CSI WORLDWIDE for any injuries and/or damages suffered to Plaintiff for the incident.

20.    Therefore, Cross-claimant SRS FABRICATION, INC. is entitled to indemnification, express and/or implied, from CSI WORLDWIDE for all amounts Cross-claimant SRS FABRICATION, INC. may be ordered to pay Plaintiff for any injuries and/or damages suffered to Plaintiff, including attorney's fees, costs, and pre-judgment interest.

21.     As a direct and proximate cause of CSI WORLDWIDE's conduct, Cross-claimant SRS FABRICATION, INC. has been damaged in excess of $15,000.00, plus interest thereon, in an amount to be determined at trial.

22.     As a direct and proximate cause of the aforesaid acts, it has become necessary for Cross-claimant SRS FABRICATION, INC. to secure the services of an attorney, and Cross-claimant SRS FABRICATION, INC. are entitled to recover its attorney fees and costs incurred herein as special damages provisions of Nevada law, as well as pre-judgment interest as allowed by operation of law.

## SECOND CLAIM FOR RELIEF

### (Contribution at to all Cross-Defendants)

23.     Cross-claimant SRS FABRICATION, INC. repeats and realleges the allegations contained in paragraphs 1 to 22 as though fully set forth herein.

24.     If it is determined that Plaintiff suffered injuries and/or damages, and some underlying liability regarding the injuries of the Plaintiff are found, then Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE, and each of them, are jointly and severally liable with Cross-claimant SRS FABRICATION, INC. for such underlying liability.

25.     In the event that damages are awarded against Cross-claimant SRS FABRICATION, INC., said injuries and/or damages were proximately caused by the negligence and/or joint and several liability of Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE, and each of them. Therefore, Cross-claimant SRS FABRICATION, INC. is entitled to contribution from payment of such damages in the event that said damages would be more than Cross-claimant SRS FABRICATION, INC.'s equitable share of common liability.

26.     As a direct and proximate cause of Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE's breach, Cross-claimant SRS FABRICATION, INC. has been damaged in excess of $15,000.00, plus interest thereon, in an amount to be determined at trial.

27.     As a direct and proximate cause of the aforesaid acts, it has become necessary for Cross-claimant SRS FABRICATION, INC. to secure the services of an attorney, and

Cross-claimant SRS FABRICATION, INC. are entitled to recover its attorney fees and costs incurred herein as special damages provisions of Nevada law, as well as pre-judgment interest as allowed by operation of law.

## THIRD CLAIM FOR RELIEF

### (Apportionment)

28.     Cross-claimant SRS FABRICATION, INC. repeat and reallege the allegations contained in paragraphs 1 to 27 as though fully set forth herein.

29.     In the event that damages are awarded to the Plaintiff and against Cross-claimant SRS FABRICATION, INC., said injuries and/or damages were proximately caused, in whole or in part, by the conduct of Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE, and each of them. Therefore, Cross-claimant SRS FABRICATION, INC. is entitled to apportionment of liability from the Cross Defendants for any and all damages, liability, loss, judgment, settlement, amounts, and expenses, including but not limited to attorney fees, awards, compromises, costs, expert witness fees and fines incurred by or on behalf of Cross-claimant SRS FABRICATION, INC. in the underlying action by Plaintiff.

30.     As a direct and proximate cause of Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE's breach, Cross-claimant SRS FABRICATION, INC. has been damaged in excess of $15,000.00, plus interest thereon, in an amount to be determined at trial.

31.     As a direct and proximate cause of the aforesaid acts, it has become necessary for Cross-claimant SRS FABRICATION, INC. to secure the services of an attorney, and Cross-claimant SRS FABRICATION, INC.  are entitled to recover its attorney fees and costs incurred herein as special damages provisions of Nevada law, as well as pre-judgment interest as allowed by operation of law.

## PRAYER FOR RELIEF

WHEREFORE, Cross-claimant SRS FABRICATION, INC. prays for judgment against Cross-Defendants SPARKS MARKETING, LLC and CSI WORLDWIDE, and each of them, as follows:

1      1.     For equitable indemnity for all damages assessed against Cross-claimant SRS

2   FABRICATION, INC.;

3      2.     For contribution for all damages assessed against Cross-claimant SRS

4   FABRICATION, INC.;

5      3.     For apportionment of any and all damages assessed against Cross-claimant SRS

6   FABRICATION, INC.;

7      4.     For any and all damages including, but not limited to, attorneys fees, costs, and

8   pre-judgment interest for having to defend/prosecute this claim; and

9      5.     For such other and further relief as this Court may deem just and proper.

10   DATED this 24th day of September, 2024.

11                                **HALL JAFFE, LLP**

*/s/ Steven T. Jaffe*

By:_____

STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
KEVIN S. SMITH, ESQ.
Nevada Bar No. 7184
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant/Third-Party*
*Defendant/Cross-Claimant*
*SRS Fabrication, Inc.*

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of **HALL JAFFE, LLP**, and on this 24th day of September, 2024, I served a copy of the foregoing **DEFENDANT/THIRD-PARTY DEFENDANT/CROSS-CLAIMANT SRS FABRICATION, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT And DEFENDANT/THIRD-PARTY DEFENDANT/CROSS-CLAIMANT SRS FABRICATION, INC.'S CROSS-CLAIM AGAINST SPARKS MARKETING, LLC AND CSI WORLDWIDE** as follows:

[  ]   **U.S. MAIL** — By depositing a true copy thereof in the U.S. Mail, first class postage prepaid and addressed as listed below; and/or

[  ]   **FACSIMILE** — By facsimile transmission to the facsimile number(s) shown below; and/or

[  ]   **HAND DELIVERY** — By hand-delivery to the addresses listed below; and/or

[X]   **ELECTRONIC SERVICE** — Pursuant to the Court's CM/ECF e-filing system.

Lucian J. Greco, Jr., Esq.
Melissa Ingleby, Esq.
Ashley L. Zurkan, Esq.
BREMER WHYTE BROWN & O'MEARA, LLP
1160 N. Town Center Drive, Ste. 250
Las Vegas, NV  89144
*Attorneys for Third-Party Plaintiff*
*Sparks Marketing, LLC*

Brian E. Lunt, Esq.
EDWARD M. BERNSTEIN & ASSOCIATES
500 S. Fourth Street
Las Vegas, NV  89101
*Attorneys for Plaintiff Pirayeh M. Najmabadi*

Robert E. Schumacher, Esq.
Dione C. Wrenn, Esq.
GORDON REES SCULLY MANSUKHANI LLP
300 So. Fourth Street, Ste. 1550
Las Vegas, NV  89101
*Attorneys for Defendant*
*Thelios USA Inc. and LVMH Moet Hennessy*
*Louis Vuitton Inc.*

19

Megan K. Dorsey, Esq.
Cullan F. Staack, Esq.
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 So. Fourth Street
Las Vegas, NV  89101
*Attorneys for Third-Party Defendant CSI Worldwide*


*/s/  Marianne Sylva*_____
An Employee of
**HALL JAFFE, LLP**