ROBERT E. SCHUMACHER, ESQ.
Nevada Bar No. 7504
DIONE C. WRENN, ESQ.
Nevada Bar No. 13285
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone:  (702) 577-9300
Direct Line:  (702) 577-9319
Facsimile:  (702) 255-2858
Email:  rschumacher@grsm.com
          dwrenn@grsm.com

*Attorneys for Defendants,*
*THELIOS USA INC. and LVMH MOET HENNESSY LOUIS VUITTON INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PIRAYEH M. NAJMABADI, individually<br><br>  Plaintiff,<br><br>vs.<br><br>THELIOS USA INC., a Foreign Corporation; LVMH MOET HENNESSY LOUIS VUITTON INC., a Foreign Corporation; SPARKS MARKETTING LLC, a Foreign Limited-Liability Company; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>  Defendants. | CASE NO.  2:24-cv-00217<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants THELIOS USA INC., and LVMH MOET HENNESSY LOUIS VUITTON INC. (hereinafter collectively as "Defendants"), by and through their counsel, Robert E. Schumacher, Esq. and Dione C. Wrenn, Esq. of the law firm Gordon Rees Scully Mansukhani, LLP, hereby answers Plaintiff PIRAYEH M. NAJMABADI's First Amended Complaint as follows:

1. Answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

2. Defendants admit the allegations asserted in Paragraph 2 of the First Amended

1 Complaint.

2, 3     3.    Defendants admit the allegations asserted in Paragraph 3 of the First Amended Complaint.

4, 5, 6     4.    Answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

7, 8, 9     5.    Answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

10, 11, 12     6.    Answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

13, 14, 15     7.    Answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

16, 17, 18     8.    Answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

19, 20, 21     9.    Answering Paragraph 9 of Plaintiff's Amended Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 8 above, inclusive, as though fully set forth herein and incorporates the same herein by this reference.

22, 23, 24     10.    Answering Paragraph 10 of Plaintiff's Amended Complaint, Defendants admit that jurisdiction is proper in the United States District Court, District of Nevada. However, Defendants deny any wrongdoing or violation of state and federal law.

25, 26, 27     11.    Answering Paragraph 11 of Plaintiff's Amended Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 10 above, inclusive, as though fully set forth herein and incorporates the same herein by this reference.

28     12.    Answering Paragraph 12 of Plaintiff's Amended Complaint, Defendants aver that

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.  Also, to the extent that the allegations in Paragraph 12 misstate the law these allegations are expressly denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

13. Answering Paragraph 13 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.  Also, to the extent that the allegations in Paragraph 13 misstate the law these allegations are expressly denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

14. Answering Paragraph 14 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore denies the same.  Also, to the extent that the allegations in Paragraph 14 misstate the law these allegations are expressly denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

15. Answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

## FIRST CAUSE OF ACTION

**(Negligence)**

16. Answering Paragraph 16 of Plaintiff's Amended Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 15 above, inclusive, as though fully set forth herein and incorporates the same herein by this reference.

1. 17. Answering Paragraph 17 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 17 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

2. 18. Answering Paragraph 18 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 18 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

3. 19. Answering Paragraph 19 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 19 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

4. 20. Answering Paragraph 20 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 20 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

5. 21. Answering Paragraph 21 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 21 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

6. 22. Answering Paragraph 22 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1  to the extent that the allegations in Paragraph 22 misstate the law these allegations are expressly
2  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

3      23.     Answering Paragraph 23 of Plaintiff's Amended Complaint, Defendants aver that
4  said allegations assert conclusions of law to which neither admissions nor denials are required.
5  To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
6  to the extent that the allegations in Paragraph 23 misstate the law these allegations are expressly
7  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

8      24.     Answering Paragraph 24 of Plaintiff's Amended Complaint, Defendants aver that
9  said allegations assert conclusions of law to which neither admissions nor denials are required.
10  To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
11  to the extent that the allegations in Paragraph 24 misstate the law these allegations are expressly
12  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

13      25.     Answering Paragraph 25 of Plaintiff's Amended Complaint, Defendants aver that
14  said allegations assert conclusions of law to which neither admissions nor denials are required.
15  To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
16  to the extent that the allegations in Paragraph 25 misstate the law these allegations are expressly
17  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

18      26.     Answering Paragraph 26 of Plaintiff's Amended Complaint, Defendants aver that
19  said allegations assert conclusions of law to which neither admissions nor denials are required.
20  To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
21  to the extent that the allegations in Paragraph 26 misstate the law these allegations are expressly
22  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

23      27.     Answering Paragraph 27 of Plaintiff's Amended Complaint, Defendants aver that
24  said allegations assert conclusions of law to which neither admissions nor denials are required.
25  To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
26  to the extent that the allegations in Paragraph 27 misstate the law these allegations are expressly
27  denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

28      28.     Answering Paragraph 28 of Plaintiff's Amended Complaint, Defendants aver that

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

1  said allegations assert conclusions of law to which neither admissions nor denials are required.
2  To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,
3  to the extent that the allegations in Paragraph 28 misstate the law these allegations are expressly
4  denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

5      29. Answering Paragraph 29 of Plaintiff's Amended Complaint, Defendants aver that
6  said allegations assert conclusions of law to which neither admissions nor denials are required.
7  To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,
8  to the extent that the allegations in Paragraph 29 misstate the law these allegations are expressly
9  denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

10      30. Answering Paragraph 30 of Plaintiff's Amended Complaint, Defendants aver that
11  said allegations assert conclusions of law to which neither admissions nor denials are required.
12  To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,
13  to the extent that the allegations in Paragraph 30 misstate the law these allegations are expressly
14  denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

15      31. Answering Paragraph 31 of Plaintiff's Amended Complaint, Defendants aver that
16  said allegations assert conclusions of law to which neither admissions nor denials are required.
17  To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,
18  to the extent that the allegations in Paragraph 31 misstate the law these allegations are expressly
19  denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

20      32. Answering Paragraph 32 of Plaintiff's Amended Complaint, Defendants deny the
21  allegations asserted therein.

## SECOND CAUSE OF ACTION

### (Strict Liability)

24      33. Answering Paragraph 33 of Plaintiff's Amended Complaint, Defendants repeat
25  and reallege their answers to Paragraphs 1 through 32 above, inclusive, as though fully set forth
26  herein and incorporates the same herein by this reference.

27      34. Answering Paragraph 34 of Plaintiff's Amended Complaint, Defendants deny the
28  allegations asserted therein.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1  35. Answering Paragraph 35 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 35 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

36. Answering Paragraph 36 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 36 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

37. Answering Paragraph 37 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 37 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

38. Answering Paragraph 38 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 38 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

39. Answering Paragraph 39 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also, to the extent that the allegations in Paragraph 39 misstate the law these allegations are expressly denied. Further, Defendants deny any wrongdoing or violation of state and federal law.

40. Answering Paragraph 40 of Plaintiff's Amended Complaint, Defendants aver that said allegations assert conclusions of law to which neither admissions nor denials are required. To the extent any response is deemed necessary, Defendants deny the allegations asserted. Also,

1 to the extent that the allegations in Paragraph 40 misstate the law these allegations are expressly
2 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

3       41.     Answering Paragraph 41 of Plaintiff's Amended Complaint, Defendants aver that
4 said allegations assert conclusions of law to which neither admissions nor denials are required.
5 To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
6 to the extent that the allegations in Paragraph 41 misstate the law these allegations are expressly
7 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

8       42.     Answering Paragraph 42 of Plaintiff's Amended Complaint, Defendants aver that
9 said allegations assert conclusions of law to which neither admissions nor denials are required.
10 To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
11 to the extent that the allegations in Paragraph 42 misstate the law these allegations are expressly
12 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

13       43.     Answering Paragraph 43 of Plaintiff's Amended Complaint, Defendants aver that
14 said allegations assert conclusions of law to which neither admissions nor denials are required.
15 To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
16 to the extent that the allegations in Paragraph 43 misstate the law these allegations are expressly
17 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

18       44.     Answering Paragraph 44 of Plaintiff's Amended Complaint, Defendants aver that
19 said allegations assert conclusions of law to which neither admissions nor denials are required.
20 To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
21 to the extent that the allegations in Paragraph 44 misstate the law these allegations are expressly
22 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

23       45.     Answering Paragraph 45 of Plaintiff's Amended Complaint, Defendants aver that
24 said allegations assert conclusions of law to which neither admissions nor denials are required.
25 To the extent any response is deemed necessary, Defendants deny the allegations asserted.  Also,
26 to the extent that the allegations in Paragraph 45 misstate the law these allegations are expressly
27 denied.  Further, Defendants deny any wrongdoing or violation of state and federal law.

28       46.     Answering Paragraph 46 of Plaintiff's Amended Complaint, Defendants deny the

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1  allegations asserted therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(General Denial)**

Defendants deny the allegations of the Complaint, including the allegations that Plaintiff was damaged in the sum or sums alleged or to be alleged or any other sum or sums whatsoever.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State A Claim)**

Defendants are informed and believe and thereon allege that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

**(Deficient Allegations)**

Defendants are informed and believe and thereon allege that Plaintiff's Amended Complaint and each and every cause of action stated therein, fail to state facts sufficient to constitute a cause of action, or any cause of action, as against Defendants.

### FOURTH AFFIRMATIVE DEFENSE

**(Denial of Liability)**

Defendants are informed and believe and thereon allege that it is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff. However, if Defendants are subject to any liability to Plaintiff, it will be due, in whole or in part, to the acts, omissions and activities of others.

### FIFTH AFFIRMATIVE DEFENSE

**(Mitigation)**

Defendants are informed and believe and thereon allege that as to each alleged cause of action, Plaintiff has failed, refused and neglected to take reasonable steps to mitigate Plaintiff's alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Denial of Wrongdoing)

Defendants deny that by reason of any act or omissions, fault, conduct or liability on the part of Defendants, whether unlawful or whether as alleged, or otherwise, that Plaintiff was injured or damaged in any of the amounts alleged or in any other manner or amount whatsoever, and Defendants further deny that they acted unlawfully or are liable, whether in the manner alleged or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendants are informed and believe and thereon allege that if Plaintiff suffered or sustained any loss, injury, damage or detriment, the same is directly and proximately caused and contributed to, in whole or in part, by the breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, thereby completely or partially barring Plaintiff's recovery herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Necessary and Indispensable Parties)

Defendants are informed and believe and thereon allege that Plaintiff failed to join all necessary and indispensable parties to this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Conduct)

Defendants are informed and believe and thereon allege that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other persons and/or other entities and that said acts were an intervening and superseding cause of damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery from Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants are informed and believe and thereon allege that the claims of Plaintiff are

1  reduced, modified and/or barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Parol Evidence)**

Defendants are informed and believe and thereon allege that the Complaint is reduced, modified and/or barred cause of the parol evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

**(Spoliation)**

Defendants are informed and believe and thereon allege that Plaintiff failed to preserve or destroyed evidence that is relevant and necessary to this case without allowing an opportunity of Defendants to inspect such evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Breach)**

Defendants are informed and believe and thereon allege that at no time prior to the filing of this action did Plaintiff, or any agent, representative or employee thereof, notify Defendants of any breach of any contract, warranty or duty to Plaintiff; thus, Plaintiff is barred from any right of recovery from Defendants.

## FOUREENTH AFFIRMATIVE DEFENSE

**(Damages Attributable to Plaintiff)**

Defendants are informed and believe and thereon allege that to the extent Plaintiff suffered any damages, any such damages are directly attributable to the actions of Plaintiff or Plaintiff's failure to act.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Denial of Damages)**

Defendants are informed and believe and thereon alleges that to the extent Plaintiff suffered any damages, any such damages are not the result of any actions or failure to act by Defendants or their agents.

///

///

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Doctrine of Estoppel)**

Defendants are informed and believe and thereon allege that Plaintiff unreasonably delayed both the filing of the Complaint and notification to Defendants as to the cause of action and the bases for the cause of action against Defendants, all of which has unduly and severely prejudiced Defendants in their defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Doctrine of Waiver)**

Defendants are informed and believe and thereon allege that Plaintiff unreasonably delayed both filing of the Complaint and notification to Defendants of the alleged cause of action and the bases for the causes of action alleged against Defendants, all which has unduly and severely prejudiced Defendants in their defense of the action, and thereby barring or diminishing Plaintiff's recovery herein under the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

Defendants are informed and believe and thereon allege that Plaintiff unreasonably delayed both the filing of the Complaint and notification to Defendant of the alleged cause of action and the bases for the causes of action alleged against Defendants all of which has unduly and severely prejudiced Defendants in their defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of laches.

### NINTEENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Defendants are informed and believe and thereon allege that Plaintiff does not have standing to commence or maintain this lawsuit.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Joint and Several Liability)**

Defendants are informed and believe and thereon allege that they are not legally

1  responsible in any fashion with respect to the damages and injuries claimed by Plaintiff,
2  however, if Defendants are subjected to any liability to Plaintiff, it will be due, in whole or in
3  part, to the breach of warranty, acts, omissions, activities, carelessness, recklessness and
4  negligence of others; wherefore, any recovery obtained by Plaintiff against Defendants should be
5  reduced in proportion to the respective negligence and fault and legal responsibility of all other
6  parties, persons and entities, their agents, servants, employees who contributed to and/or caused
7  any such injury and/or damages, in accordance with the law of comparative negligence;
8  consequently, Defendants are informed and believe and thereon allege that the liability of
9  Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to
10 Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Real Party-In-Interest)

Defendants are informed and believe and thereon allege that Plaintiff is not the real party in interest.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Breach of Duty)

Defendants breached no duty owed to Plaintiff's under state or federal law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Each purported cause of action in Plaintiff's Amended Complaint is barred by the applicable statute of limitations and/or repose.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Pre-existing Condition)

Plaintiff's Amended Complaint is barred, in whole or part, because the injuries alleged in the Amended Complaint were caused or enhanced by pre-existing, subsequent, or unrelated medical, genetic, environmental, or psychiatric conditions, diseases or illnesses, by Plaintiff's own idiosyncratic reactions, and/or by operation of nature.

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

Plaintiff's Amended Complaint is barred, in whole or part, on the grounds that Plaintiff knew, through communications with Plaintiff's prescribing physician(s) and/or product labeling, or in the exercise of ordinary care should have known, of the risks of the injuries or damages alleged in the Complaint, if any, and nevertheless, did freely and voluntarily assume those risks, and in this undertaking proximately caused and contributed to the losses, injuries, or damage, if any, alleged by Plaintiffs.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Set-off)**

To the extent that the claims stated in the Complaint have been settled, compromised, or otherwise discharged, a set off is due.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees Unjustified - Plaintiff)**

Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Frivolity of Claims)**

Plaintiff's allegations are frivolous, unreasonable, or without foundation, and, as such, Defendants are entitled to an award of attorney's fees and costs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Excessive Damages)**

Plaintiff's Amended Complaint seeks damages in excess of those permitted by law. Defendants assert any statutory or judicial protection from punitive or exemplary damages, which is available under the applicable law, and any award of punitive or exemplary damages is barred.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(NRCP 8)**

Defendant hereby incorporates by reference those affirmative defenses enumerated in

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

N.R.C.P. 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (NRCP 11)

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available for Defendant after reasonable inquiry and therefore, the answering Defendant reserves the right to amend its Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Incorporation)

Defendant hereby incorporates any and all affirmative defenses set forth by Co-Defendants as though fully set forth herein.

### PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, Defendant asserts that Plaintiff is not entitled to any of the requested general, compensatory, incidental, special, punitive, exemplary, liquidated and/or consequential damages or any other relief, including but not limited to, any attorney's fees, costs, and interest.

**WHEREFORE,** Defendant prays for the following:

1. That Plaintiff take nothing by way of this action;
2. That Defendant be dismissed in its entirety with prejudice;
3. That judgment be entered in favor of Defendant;
4. For attorneys' fees and costs of defending this action; and

///
///
///
///

5. For such other and further relief as this Court deems just and proper.

DATED this 3rd day of October 2024

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Dione C. Wrenn*
ROBERT E. SCHUMACHER, ESQ.
Nevada Bar No.7504
DIONE C. WRENN, ESQ.
Nevada Bar No. 13285
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
*Attorneys for Defendant*
*THELIOS USA INC., and LVMH MOET HENNESSY LOUIS VUITTON INC.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of October 2024 and pursuant to Fed. R. Civ. Pro. 5, I served a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via CM/ECF to the following:

Brian E. Lunt, Esq.
**EDWARD M. BERNSTEIN & ASSOCIATES**
500 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*


Lucian J. Greco, Jr., Esq.
Melissa Ingleby, Esq.
**BREMER WHYTE BROWN & O'MEARA**
1160 North Town Center Drive, Suite 250
Las Vegas, Nevada 89144
*Attorneys for Defendant*
*SPARKS MARKETING, LLC*


Steven T. Jaffe, Esq.
Kevin S. Smith, Esq.
**HALL JAFFE, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Third-Party Defendant*
*SRS FABRICATION, INC.*


Megan K. Dorsey, Esq.
**KOELLER NEBEKER CARLSON & HALUCK, LLP**
300 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Third-Party Defendant*
*CSI WORLDWIDE*

/s/ Andrea Montero
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP